Dear Mr. Bradford:
This opinion is in response to your question asking whether political subdivisions contracting under the joint cooperative agreement statutes, §§ 70.210, RSMo, et seq., create a new instrumentality for the purpose of social security reporting under the provisions of § 105.300, RSMo, et seq.
Under the statutes relating to old age and survivors insurance, §§ 105.300, RSMo, et seq., "employee" is defined in § 105.300(2) as follows:
 ". . . elective or appointive officers and employees of the state, including members of the general assembly, and elective or appointive officers and employees of any political subdivision of the state, including county officers remunerated wholly by fees from sources other than county funds, or any instrumentality of either the state or such political subdivisions; and employees of a group of two or more political subdivisions of the state organized to perform common functions or services;"
Likewise, "instrumentality" is defined in § 105.300
(7) as follows:
 ". . . an instrumentality of a state or of one or more of its political subdivisions but only if such instrumentality is a juristic entity which is legally separate and distinct from the state or such political subdivision and whose employees are not by virtue of their relation to such juristic entity employees of the state or such subdivision;"
Section 70.260, RSMo, provides:
 "The joint contract may also provide for the establishment and selection of a joint board, commission, officer or officers to supervise, manage and have charge of such joint planning, development, construction, acquisition, operation or service and provide for the powers and duties, terms of office, compensation, if any, and other provisions relating to the members of such joint board, commission, officers or officer. Such contracts may include and specify terms and provisions relative to the termination or cancellation by ordinance, order or resolution, as the case may be, of such contract or cooperative action and the notice, if any, to be given of such cancellation, provided that such cancellation termination shall not relieve any party participating in such contract or cooperative action from any obligation or liability for its share of the cost or expense incurred prior to the effective date of any such cancellation."
It is our view that it is possible for political subdivisions coming within the scope of §§ 70.210, et seq., to provide for the establishment of a new instrumentality under § 70.260, which would be a "juristic entity" within the definition of § 105.300(7). Although § 70.260 does not expressly provide for the hiring of employees by such a joint board, it seems clear that the statutory authority of the joint board to have charge of such a joint operation implicitly recognizes the authority of the board to hire employees. Of course whether or not the joint board may be given all the powers that it can lawfully exercise under § 70.260 will be dependent upon the terms of the cooperative agreement entered into by the political subdivisions.
We are enclosing our Opinions Nos. 282 dated September 28, 1964, to Trigg and 24 dated April 4, 1952, to Downs, both of which are self-explanatory and are for the most part applicable to your question.
It is therefore our view that a joint board created under § 70.260 may constitute a juristic instrumentality for the purpose of social security coverage of such employees under §§ 105.300, et seq.
CONCLUSION
It is the opinion of this office that joint boards created by cooperative agreements of political subdivisions under § 70.260, RSMo, may, depending on the agreement, come within the definition of "instrumentality" for the purpose of social security reporting of the employees of such joint boards under §§ 105.300, RSMo, et seq.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures